## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

```
-------------------------------------------------------------
SECURED HOLDINGS, LLC,                       :
                                             :
                        Plaintiff,           :     Civil Action No. _____
                                             :
        -against-                            :
                                             :
605 BROAD ST LLC n/k/a 605 BROAD URBAN       :          COMPLAINT
RENEWAL, LLC, and JACOB TAUBER,              :
                                             :
                        Defendants.          :
-------------------------------------------------------------
```

Plaintiff Secured Holdings, LLC ("Plaintiff"), by and through its attorneys, Thompson &

Knight LLP, alleges as follows:

### PARTIES

1.      Plaintiff is a Delaware limited liability company that maintains its principal place

of business at 19800 MacArthur Blvd., Ste. 1150, Irvine, CA 92612.  For diversity purposes, an

LLC's citizenship is determined by the citizenship of each of its members.  The sole member of

Plaintiff is a Maryland corporation that maintains its principal place of business in California.

Therefore, for purposes of 28 U.S.C. § 1332, Plaintiff is a citizen of the States of Maryland and

California.

2.      Upon information and belief, at all times herein, defendant 605 Broad St LLC n/k/a

605 Broad Urban Renewal, LLC ("605 Broad" or "Borrower") was and is a New Jersey limited

liability and maintains its principal place of business at 24 Commerce St., 1505, 15th Floor,

Newark, New Jersey 07102-0710.  Upon information and belief, the sole member of Borrower is

defendant Tauber (defined below), who is not a citizen of the States of Maryland or California.

3.      Borrower is made a defendant in this action because it is the owner of record of the real property and improvements thereto known as and located at 605-607 Broad Street, Newark, New Jersey 07102, also known as Block 18, Lots 27, 28, and 77, as shown on the Official Tax Map of the City of Newark in the County of Essex, State of New Jersey (as more particularly described in the Mortgage (defined hereinafter), the "Mortgaged Premises"), and is the obligor under the Note and Mortgage being foreclosed upon in this action.

4.      Upon information and belief, at all times herein, defendant Jacob Tauber a/k/a Yanki Tauber a/k/a Yanky Tauber ("Tauber," "Guarantor," or "Pledgor" and, together with the Borrower, the "Defendants") is a natural person, with an address at 8 Amanda Court, Monsey, New York 10952.  Upon information and belief, defendant Tauber is not a citizen of the States of Maryland or California.

5.      Defendant Tauber is joined as a party defendant herein because he is a guarantor under the Loan Documents, and to extinguish any interest that he has or may have in and to the Mortgaged Premises.

## JURISDICTION AND VENUE

6.      Jurisdiction exists in this Court pursuant to 28 U.S.C. § 1332 as there exists complete diversity between the parties and the amount in controversy exceeds the sum of $75,000.00 exclusive of interest and costs.

7.      Venue is proper in the Newark Division of the District of New Jersey pursuant to 28 U.S.C. § 1391(a) because the Mortgaged Premises exists in Essex County, New Jersey, which is in the Newark Division.

## BACKGROUND

## THE LOAN AND ORIGINAL LOAN DOCUMENTS

8.      On or about May 14, 2019, 5 Arch Funding Corp. ("Original Noteholder") loaned Borrower the principal sum of NINETEEN MILLION AND 00/100 DOLLARS ($19,000,000.00) (the "Loan").

9.      In connection with the Loan, Borrower executed in favor of and delivered to Original Noteholder that certain Promissory Note in the principal sum of NINETEEN MILLION AND 00/100 DOLLARS ($19,000,000.00) (the "Note").  A true and correct copy of the Note is annexed hereto as Exhibit A.

10.     The Note provides that Borrower will pay interest on the unpaid principal of the Loan at an interest rate of 9.990% per annum (the "Interest Rate") or, if applicable, at the Default Rate (as defined hereinafter).  *See* Note § 2(A).

11.     In the event a payment remains past due for ten or more days or any other default occurs under the Loan Documents (defined hereinafter), the Note provides that Borrower will pay a default interest rate (the "Default Rate").  The Default Rate is equal to the lesser of (i) a percentage equal to two times the Interest Rate or (ii) the maximum interest rate that may be collected under the law.  *See* Note at § 2 (B).

12.     The Note provides a late charge (the "Late Charge") will be assessed against Borrower on any monthly payment not paid by the end of five (5) calendar days after the date it is due.  The amount of the Late Charge is ten percent (10%) of Borrower's overdue payment of principal and interest.  The Late Charge is applied to the delinquent amount to defray the reasonable expenses incurred by Plaintiff in handling and processing the delinquent payment and to compensate Plaintiff for the loss of the use of the delinquent payment.  *See* Note § 7(A).

3

13.     The Note is secured by that certain Mortgage, Assignment of Rents and Security Agreement, dated May 14, 2019, executed by Borrower in favor of Original Noteholder encumbering the Mortgage Premises (the "Mortgage").

14.     The Mortgage was duly recorded on July 10, 2019 with the Essex County Register, New Jersey (the "Clerk's Office") as Instrument No. 2019063103.  A true and correct copy of the Mortgage is annexed hereto as Exhibit B.

15.     The Mortgage is not a purchase money mortgage.

16.     The Mortgage includes a security agreement in favor of Original Lender creating a security interest in, among other things and without limitation, all fixtures, fittings, appliances, apparatus, equipment, machinery, furnishings, furniture, carpets, chattels and articles of personal property of every kind and nature whatsoever then owned or later acquired by Borrower, as well as all proceeds and products of the same (the "Collateral").

17.     To perfect its interest in the Collateral, Original Lender filed a Uniform Commercial Code financing statement, Number 2019063105, on June 10, 2019 with the Clerk's Office ("County UCC-1").  The County UCC-1 names Original Lender as the secured party and Borrower as the debtor.

18.     As further security for the Loan, on May 14, 2019, Tauber executed in favor of, and delivered to, Original Noteholder that certain Guaranty Agreement (the "Guaranty") unconditionally guaranteeing certain obligations of Borrower due or to become due under the Loan.  A true and correct copy of the Guaranty is annexed hereto as Exhibit C.

19.     As further security for the Loan, on May 14, 2019, Tauber executed in favor of, and delivered to, Original Noteholder a certain Pledge and Security Agreement (the "Pledge Agreement"), pursuant to which Tauber pledged his membership interest in the Borrower (the

"Pledged Membership Interest").  A true and correct copy of the Guaranty is annexed hereto as Exhibit D.

20.     Contemporaneously with executing the Pledge Agreement, Tauber delivered to Original Noteholder the certificate of ownership of the Pledge Membership Interest (the "Certificate"), true and correct copy of the certificate is annexed hereto as Exhibit E.

21.     To perfect its interest in the Pledged Membership Interest, Original Lender filed a Uniform Commercial Code financing statement, Number 201905160221230, on May 16, 2019 with the Department of State of the State of New York ("State UCC-1").  The State UCC-1 names Original Lender as the secured party and Tauber as the debtor.

22.     The Note, Mortgage, Guaranty, County UCC, Pledge Agreement and Certificate together with all other documents and agreements evidencing and/or securing the Loan are collectively referred to as the "Original Loan Documents."

### TRANSFER AND ASSIGNMENT OF THE LOAN AND THE ORIGINAL LOAN DOCUMENTS TO INTERIM NOTEHOLDER

23.     On or about May 14, 2019, Original Lender assigned the Loan and the Original Loan Documents, including to the Note and Mortgage, to Redwood BPL Holdings, Inc. (the "Interim Noteholder").

24.      In connection with the assignment to Interim Noteholder, Original Noteholder executed and delivered to Interim Lender the following documents:

a. that certain Allonge executed by Original Noteholder in favor of Interim Noteholder, a true and correct copy of which is annexed hereto together with the Note as Exhibit A; and

b. that certain Absolute Assignment of Mortgage and Loan Documents, dated effective as of May 14, 2019, which was properly recorded with the Clerk's Office on July 10, 2019, as Instrument No. 2019063104, a true and correct copy of which is attached hereto as Exhibit F.

5

## MODIFICATION OF LOAN AND REAFFIRMATION OF GUARANTY

25.     On September 25, 2019, Borrower and Interim Noteholder executed that certain Loan Modification Agreement (the "Loan Modification Agreement"), pursuant to which, among other things, the total principal secured by the Loan was reduced to EIGHTEEN-MILLION AND 00/100 DOLLARS ($18,000,000.00).   A true and correct copy of the Loan Modification Agreement is annexed hereto as Exhibit G.

26.     In connection with the Loan Modification Agreement, Tauber executed that certain Reaffirmation of Guaranty ("Reaffirmation of Guaranty"), pursuant to which he reaffirmed his obligations under the Guaranty.  A true and correct copy of the Reaffirmation of Guaranty is annexed hereto as Exhibit H.

27.     The Loan Modification Agreement, Reaffirmation of Guaranty and the Original Loan Documents the together with all other documents and agreements evidencing and/or securing the Loan are collectively referred to as the "Loan Documents."

### TRANSFER AND ASSIGNMENT OF THE LOAN AND THE
### LOAN DOCUMENTS TO PLAINTIFF

28.     On or about February 3, 2020, Interim Noteholder assigned the Loan and all Loan Documents, including the Note and Mortgage, to Plaintiff.

29.     In connection with the assignment to the Plaintiff, Interim Noteholder executed and delivered to the Plaintiff:

   a.   That certain Allonge by the Interim Noteholder in favor of Plaintiff, a true and correct copy of which is annexed hereto together with the Note as Exhibit A; and

   b.   that certain Absolute Assignment of Mortgage and Loan Documents, dated as of February 3, 2020 which was properly recorded with the Clerk's Office on February 4, 2020, as Instrument No. 2020012889, a true and correct copy of which is annexed hereto as Exhibit I.

30.     As of the date hereof, as a result of the transactions described above, evidenced by each of the written assignments, Plaintiff is the owner and holder of Loan Documents.

### DEFENDANTS' DEFAULT UNDER THE LOAN DOCUMENTS

31.     Borrower is in default of its obligations to Plaintiff under the Note and Mortgage based on, among other things, Borrower's failure to timely pay all amounts required by the Loan Documents when due (the "Default").

32.     Section 3(A) of the Note provides that Borrower is required to make its "monthly payment on the first (1st) day of each month beginning on July 1, 2019 (each such date, a Payment Date)." *See* Note, §3(A).

33.     Borrower failed to make the required monthly payment under the Note on November 1, 2019 and all payments thereafter.

34.     Section 4.1(e) of the Pledge Agreement provides that an "Event of Default" shall exist if "the Pledgor, without the prior written consent of Lender, modified, amends or alters in any material respect the terms and conditions of the Operating Agreement of Borrower, dated as of April 4, 2018, along with the First Amendment to the Operating Agreement of Borrower dated as of the date hereof, or the Certificate of Formation of Borrower, filed with the New Jersey Department of State on February 26, 2018." *See* Pledge Agreement, §4.1(e).

35.     Upon information and belief, on or about August 22, 2019, Tauber filed a certificate of amendment amending Borrower's Certificate of Formation (the "Amended Certificate"), to, among other things, changed Borrower's name from 605 Broad St LLC to 605 Broad Urban Renewal, LLC.

36.     Section 7(B) of the Note provides the occurrence of any one or more of the following shall constitute a Default:

7

a. Borrower fails to pay when and as due and payable any amounts payable by Borrower to the Note Holder under the terms of this Note, including without limitation all amounts due on the Maturity Date.

b. Any covenant, agreement or condition in this Note is not fully and timely performed observed or kept, subject to any applicable grace or cure period.

c. A Default (as therein defined) occurs under any of the other Loan Documents executed in connection with this Note (subject to any applicable grace or cure period).

*See* Note, §3(A).

37.    Accordingly, Borrower's failure to pay funds when and as due under the Note constitutes an event of default as defined under the Loan Documents.

38.    In addition, Tauber's amendment of the Borrower' Certificate of Formation to change the name of Borrower constitutes an event of default as defined under the Loan Documents.

39.    Pursuant to the Guaranty, Tauber guaranteed the obligations of Borrower under the Note and the Loan Documents.  Section 2 (a) of the Guaranty provides:

Guarantor hereby guarantee(s) absolutely and unconditionally the prompt payment and performance when due, whether at maturity, by declaration, by demand or otherwise, and at any and all times thereafter, of all indebtedness and other obligations of every kind and nature of the Borrower to Lender, direct or indirect, absolute or contingent, due or to become due, now or hereafter existing (all such indebtedness and other obligations being hereinafter collectively called the Liabilities). For the avoidance of doubt, the term "Liabilities" includes all indebtedness and other obligations of Borrower under all notes and other Related Documents.

*See* Guaranty, §2(a).

40.    Therefore, pursuant to the Guaranty, Guarantor is liable to Plaintiff for full payment of all amounts due under the Loan Documents.

41.    Accordingly, Plaintiff demanded payment of all sums due under the Loan Documents (the "Indebtedness") and informed the Borrower and Guarantor of their default in accordance with the terms of the Loan Documents by that certain Notice of Default and

Acceleration letter sent to Borrower and Guarantor on January 3, 2020 (the "Notice of Default"), a true and correct copy of which is attached hereto as Exhibit J.

42.     Borrower and Guarantor have failed to cure such defaults, despite demand for payment under the Notice of Default.

43.     To date, Borrower and Guarantor have failed to pay the Indebtedness due under the Loan Documents, and Borrower and Guarantor remain in default.

44.     There is now due, owing, and payable to Plaintiff the following Indebtedness under the Loan Documents: (i) $10,661,030.50 in principal; (ii) accrued and unpaid interest at the contract and default rates; (iii) late charges; (iv) attorneys' fees, costs and expenses associated with the default under the Loan Documents, including costs of this action; and (v) all other sums provided for under the Loan Documents.

45.     Pursuant to the terms of the Mortgage, the mortgagee has the right to advance or pay taxes and other liens affecting the Mortgaged Premises that could be superior to the lien of the Mortgage, and which, when paid by the mortgagee, together with interest thereon, are to be added to the amounts due under the Mortgage.  Plaintiff may be required to pay such liens during the pendency of this action and, if made, Plaintiff will demand that such payments be added to the Indebtedness due under the Loan Documents.

46.     The New Jersey Fair Foreclosure Act, N.J.S.A. § 2A:50-53 et seq. (the "Act") does not apply to this proceeding because the Mortgage is not a "residential mortgage" as that term is defined in N.J.S.A. § 2A:50-55, as the Mortgaged Premises are strictly used for commercial, non-residential purposes.

47.     Any interest or lien which any defendant herein has, or may claim to have, in or upon the Mortgaged Premises, or any part thereof, is subject and subordinate to the lien of the Mortgage.

48.     Plaintiff does not seek a Writ of Possession to evict any occupant protected by the New Jersey Anti-Eviction Act, N.J.S.A. 2A:18-61.1, et seq.

### FIRST COUNT
### (Mortgage Foreclosure)

49.     Plaintiff incorporates herein by reference the paragraphs set forth above as if fully set forth herein.

50.     Borrower is a party herein because it is an obligor and mortgagor under the Loan Documents, and in order to extinguish any interest that it has or may have in and to the Mortgaged Premises.

51.     Any interest or lien which Defendants have, or may claim to have, in or upon the Mortgaged Premises, or any part thereof, is subject and subordinate to the lien of the Mortgage.

**WHEREFORE,** Plaintiff demands judgment as follows:

a.      upon separate application, appointing a receiver of the rents, issues and profits of the Mortgaged Premises described in the Mortgage;

b.      fixing the amount due under the Mortgage;

c.      barring and foreclosing Defendants of all equity of redemption in and to the Mortgaged Premises;

d.      directing that Plaintiff be paid the amount due as provided in the Mortgage, Note and Loan Documents set forth hereinabove, together with interest, costs, property search fees, and attorneys' fees;

e.      adjudging that the Mortgaged Premises shall be sold according to law to satisfy the amount due to Plaintiff under the Mortgage;

f.      directing that the Defendants vacate and surrender the Mortgaged Premises to a receiver of rents and profits, to be appointed by the Court; and

g.      for such other and further relief as the Court may deem just and proper.

### SECOND COUNT
**(Possession)**

52.      Plaintiff incorporates herein by reference the paragraphs set forth above as if fully set forth herein.

53.      By the terms of the Note and the Mortgage, Plaintiff is entitled to immediate possession of the Mortgaged Premises together with all improvements and appurtenances described in the Mortgage and in this Complaint.

54.      The Defendants have deprived or may deprive Plaintiff of possession of the Mortgaged Premises.

**WHEREFORE,** Plaintiff demands judgment as follows:

a.      for possession of the Mortgaged Premises in favor of Plaintiff or its assignee or any purchaser at the foreclosure sale;

b.      for damages and *mesne* profits;

c.      for costs; and

d.      for such other and further relief as the Court may deem just and proper.

## THIRD COUNT
### (Security Interest Foreclosure)

55.     Plaintiff incorporates herein by reference the paragraphs set forth above as if fully set forth herein.

56.     The Mortgage grants a valid and enforceable security interest in the Collateral located at the Mortgaged Premises.

57.     Plaintiff's security interest in the Collateral was duly perfected by the filing of the County UCC, the Mortgage, and the assignments thereof.

58.     Pursuant to the terms contained in the Loan Documents, Plaintiff elects to have the Collateral located at the Mortgaged Premises sold by the sheriff together with the Mortgaged Premises at a single public sale.

59.     No person or entity possesses an interest in the Collateral superior to the security interest held by Plaintiff.

60.     Defendants have deprived or may deprive Plaintiff of the possession of the Collateral.

**WHEREFORE,** Plaintiff demands judgment as follows:

a.     adjudging that the Collateral be sold together with the Mortgaged Premises at a single public sale conducted by the sheriff to satisfy the amounts due Plaintiff;

b.     barring and foreclosing the Defendants of all equity of redemption in and to the Collateral; and

c.     for such other and further relief as the Court may deem just and proper.

### FIFTH COUNT
**(Breach of Promissory Note)**

61.    Plaintiff incorporates herein by reference the paragraphs set forth above as if fully set forth herein.

62.    Borrower is personally liable for all amounts due Plaintiff under the Note

**WHEREFORE,** Plaintiff demands judgment as follows:

a.   awarding Plaintiff all amounts due under the Note, with interest, advances, other charges, attorneys' fees and costs; and

b.   granting such other and further relief as the Court may deem just and proper

### SIXTH COUNT
**(Breach of Guaranty)**

63.    Plaintiff incorporates herein by reference the paragraphs set forth above as if fully set forth herein.

64.    Guarantor is personally liable for any amounts due Plaintiff under the Guaranty.

**WHEREFORE,** Plaintiff demands judgment as follows:

a.   awarding Plaintiff all amounts due under the Guaranty, with interest, advances, other charges, attorneys' fees and costs; and

b.   granting such other and further relief as the Court may deem just and proper.

THOMPSON & KNIGHT LLP
*Attorneys for Secured Holdings, LLC*


By: */s/ Vivian M. Arias*
      Vivian M. Arias
      John M. Doherty
900 Third Avenue, 20th Floor
New York, New York 10022
Vivian.Arias@tklaw.com
Jack.Doherty@tklaw.com
(212) 751-3325

Dated:  February 4, 2020

**VERIFICATION**

STATE OF CALIFORNIA    )
                       ) SS.:
COUNTY OF *Orange*     )

       I am the Vice President of Secured Holdings, LLC the Plaintiff in the above-entitled

action.  I am authorized to make this Verification on behalf of Plaintiff.  I have read all of the

allegations set forth in the Complaint and find them to be true and accurate to the best of my

knowledge, except as to those matters stated to be on information and belief, and as to those matters,

I believe them to be true.

                                  _George R. Younes_

                                    George R. Younes

STATE OF CALIFORNIA       )
                          ) ss:
COUNTY OF *Orange*        )

On the 4 day of February in the year 2020 before me, the undersigned personally appeared
*George Younes* personally known to me or proved to me on the basis of satisfactory
evidence to be the individual whose name is subscribed to the within instrument and acknowledged
to me that he executed the same in his capacity, and that by his signature on the instrument, the
individual, or the person upon behalf of the which the individual acted, executed the instrument in the
city/town of ___*Irvine*___, State of ___*California*___.

_Marcy Dinicola_
NOTARY PUBLIC

MARCY DINICOLA
Notary Public – California
Orange County
Commission # 2218524
My Comm. Expires Oct 16, 2021